IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00506-RJC-SCR

| | |
|---|---|
| **MINA GREENLEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **J&H MATTHEWS LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court sua sponte following pro se Defendant J & H Matthews, LLC's non-compliance with the Court's Order dated June 15, 2023. "Order" (Doc. No. 11).

On June 15, 2023, the Court granted former-defense counsel's "Motion to Withdraw As Counsel." (Doc. Nos. 10 & 11). The withdrawal was with Defendant's consent. Id. at 1. The Court went on to state:

> Defendant is a limited liability company and may not proceed pro se in this matter.
> "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) (dismissing complaint of pro se corporate plaintiff); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 207 (2002) (same).
> This principle extends to limited liability companies ("LLC"). Trex Properties LLC v. 25th Street Holding Company Inc., No. 3:21-CV-00458 (KDB-DSC), 2022 WL 1538016 (W.D.N.C. February 22, 2022) (striking Motion to Dismiss and Answer filed by pro se LLC, granting 30 days to retain counsel, and warning that "[f]ailure to retain counsel may result in entry of default and default judgment") (citing CIT Group/Commercial Services, Inc. v. Crystal Springs Apparel, LLC, No. 2:08-cv-00113 (FDW), 2008 WL 2484512 (W.D.N.C. June 17,

2008) (entering default against pro se LLC) (citing Sea Island Co. v. The IRI Group, LLC, No. 3:07–cv–13 (MR), 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007))). See also Hoffman v. Sycamore Partners, No. 3:20-3787 (SAL-TER), 2021 WL 1132529 at *1 (D.S.C. January 21, 2021) ("LLC cannot appear pro se"); Briess v. ViDai CJRT LLC, No. 1:19cv1167, 2020 WL 7482187 (E.D. Va. December 18, 2020) (refusing to consider pro se LLC's objection to memorandum and recommendation).

**Accordingly, it is further ORDERED that Defendant shall secure replacement counsel who shall file an entry of appearance within thirty days of the date of this Order. In the event Defendant does not secure replacement counsel within this period of time, Plaintiff may submit a motion requesting appropriate relief based upon Defendant's failure to retain counsel. Defendant is warned that failure to retain counsel may result in entry of default and default judgment.** See Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw after filing an answer to the complaint, set a deadline for defendant to retain replacement counsel, and defendant did not comply); Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).

Id. at 1-2 (emphasis added).

The Court notes that recent filings reflect that Defendant is now represented by counsel, but counsel has not filed a Notice of Appearance. ("Plaintiff's Motion to Compel" and Exhibits, Doc. Nos. 13 and 13-1 through 13-7; "Certificate of Service," Doc. No. 14). **Defendant and its counsel are directed to file a Notice of Appearance within seven (7) days of this Order and are warned that failure to comply may result in sanctions.**

The Clerk is directed to send copies of this Order to Plaintiff's counsel; to pro se Defendant J&H Matthews LLC, 7908 Denholme Dr., Waxhaw, NC 28173; to Christopher A. Gray, Burns & Gray, P.A., 103 N. Main Street, Monroe, NC 28112; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: January 31, 2024

Susan C. Rodriguez
United States Magistrate Judge